UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JIMMY SYLVESTER                              CIVIL ACTION

VERSUS                                       NO: 14-2030

SCOTTSDALE INSURANCE CO., ET                 SECTION: "A" (5)
AL.

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss Pursuant to Federal Rule 12(b)(6)
(Rec. Doc. 5)** filed by AdjustCo, LLC. Plaintiff Jimmy Sylvester opposes the motion. The
motion, noticed for submission on October 8, 2014, is before the Court on the briefs without
oral argument.

Plaintiff filed this lawsuit in state court to recover for underpayment of a property
insurance claim. Defendant Scottsdale Insurance issued the policy and defendant AdjustCo,
LLC adjusted the claim. AdjustCo destroys complete diversity of citizenship. Scottsdale[1]
nonetheless removed the action to this Court alleging that Plaintiff improperly joined
AdjustCo. AdjustCo filed the instant motion to dismiss pursuant to Rule 12(b)(6) seeking a
dismissal with prejudice.

A Rule 12(b)(6) dismissal is one on the merits and with prejudice. *See Cox, Cox,
Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013)
(unpublished). Therefore, a federal court must have subject matter jurisdiction over a claim
before it can dispose of it under Rule 12(b)(6).

As a non-diverse, allegedly improperly joined defendant, AdjustCo cannot invoke the

---

[1] The notice of removal also purports to be filed by AdjustCo but as an improperly joined
defendant AdjustCo cannot invoke the jurisdiction of a federal court.

1

jurisdiction of a federal court in order to obtain merits-based relief. The doctrine of fraudulent or improper joinder merely allows the Court to *ignore* AdjustCo's presence in the suit for purposes of exercising subject matter jurisdiction over the remainder of the parties and claims over which the Court has original jurisdiction. The doctrine of improper joinder does not, however, allow the Court to ignore the requirements of complete diversity by entertaining merits-based dispositive motions by parties whose presence destroys subject matter jurisdiction. If Plaintiff's motion to remand, which is set for the October 22, 2014 submission date, is granted, then any concern over the claims against AdjustCo will be mooted. But even if the motion is denied because the Court agrees that AdjustCo was improperly joined, that does not mean that the Court can then treat AdjustCo like an ordinary diverse defendant and proceed to exercise diversity jurisdiction over the claims against it.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Federal Rule 12(b)(6) (Rec. Doc. 5)** filed by AdjustCo, LLC. is DISMISSED for lack of jurisdiction.

October 14, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE