UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JIMMY SYLVESTER                                          CIVIL ACTION

VERSUS                                                   NO: 14-2030

SCOTTSDALE INSURANCE CO., ET AL.                         SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by plaintiff Jimmy Sylvester. Defendant Scottsdale Insurance Co. opposes the motion. The motion, noticed for submission on October 22, 2014, is before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit in state court to recover for underpayment of a property insurance claim. Defendant Scottsdale Insurance issued the policy and defendant AdjustCo, LLC adjusted the claim. AdjustCo destroys complete diversity of citizenship. Scottsdale[1] nonetheless removed the action to this Court alleging that Plaintiff improperly joined AdjustCo. Plaintiff now moves to remand the case to state court. The sole question is whether AdjustCo is in fact improperly joined.

The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Serv., LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate that the plaintiff cannot establish a cause of action against the non-diverse party in state court. *Id.* (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004)). The test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the non-diverse defendant, which stated

---

[1] The notice of removal also purports to be filed by AdjustCo but as an improperly joined defendant AdjustCo cannot invoke the jurisdiction of a federal court.

1

differently "means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

According to the Petition, Scottsdale sent an adjuster employed by AdjustCo to estimate the damage to Plaintiff's property. (Rec. Doc. 8-3, Petition ¶ 11). The crux of the claim against AdjustCo is that its adjuster refused to include certain aspects of damage in the estimate that Plaintiff contends should have been included, and that the adjuster manipulated the pricing for repairs so that the claim was underpaid. (*Id.* ¶¶ 12-14). Under Louisiana law, an insurance adjuster owes no legal duty to the insured to properly investigate or handle claims. *See Westmoreland v. Wright Nat'l Flood*, No. 13-564, 2014 WL 1343387, at *2 (M.D. La. Apr. 3, 2014) (citing numerous consistent decisions). An exception exists, however, where the facts suggest that the adjuster has acted in some way toward the insured so as to have undertaken a duty that might not otherwise exist. *See Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 SO. 2d 371, 373 (La. App. 1st Cir. 1981).

The facts alleged in this case in no way suggest that AdjustCo's employee assumed any duty toward the insured. In fact, Plaintiff's complaint regarding the adjuster is that he refused to adjust the claim the way that Plaintiff wanted it done. Nothing suggests a special relationship much less a legal duty between Plaintiff and AdjustCo. Plaintiff has no possibility of recovering against AdjustCo under state law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by plaintiff Jimmy Sylvester is **DENIED**.

October 31, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE